UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRED CORTLAND PROCTOR *et. al.*,　　　　　Case No. 07-12414

　　　Plaintiffs,　　　　　　　　　　　　　　Paul D. Borman
vs.　　　　　　　　　　　　　　　　　　　　United States District Judge

L. APPLEGATE *et. al.*　　　　　　　　　　Michael Hluchaniuk
　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge
　　　Defendants.
_____/

**ORDER DENYING MOTION TO INTERVENE AND
DENYING MOTION FOR EXTENSION OF TIME TO RESPOND**

　　A.　　Procedural History

　　The complaint in this matter was filed June 5, 2007 by five plaintiffs, four of whom are currently in the custody of the Michigan Department of Corrections. (Dkt. 1). The four prisoner-plaintiffs were granted *in forma pauperis* status and the fifth plaintiff was ordered to submit his full portion of the filing or file an affidavit of indigency. (Dkt. 11). Plaintiffs seek damages from dozens of MDOC employees based on allegations that they were denied certain rights under the United States Constitution. Plaintiffs' claims include, *inter alia*, improper retaliation for filing grievances, confiscation of legal materials, interference with legal mail, interference with prisoners giving and receiving legal advice, denial of

1

access to the courts, and denial of access to adequate medical care. *Id*. The facilities at which plaintiffs allege they were mistreated are the Gus Harrison Correctional Facility (ARF), the Marquette Branch Prison (MBP), the Bellamy Creek Correctional Facility (IBC), EC Brooks Correctional Facility (LRF), and the Baraga Maximum Correctional Facility (AMF). (Dkt. 1, ¶¶ 5, 7-9).

On July 24, 2007, District Judge Paul D. Borman entered an order referring this matter to Magistrate Judge R. Steven Whalen for all pretrial purposes. (Dkt. 15). On January 14, 2008, this matter was reassigned from Magistrate Judge Whalen to the undersigned. (Dkt. 31). On November 16, 2007, non-party Michael Ismael Gresham filed a paper entitled "Motion to Amend Witness Co-Plaintiff." (Dkt. 27). Mr. Gresham asks this Court to permit him to be a "co-plaintiff" in the above-captioned action. (Dkt. 27, p. 2).

From the relief requested, it appears that Mr. Gresham has attempted to file a motion to intervene[1] as a plaintiff in this matter. Thus, on April 23, 2008, this Court entered an order allowing all parties in this matter an opportunity to respond or object to the motion to intervene by May 26, 2008. (Dkt. 126). On May 27,

---

[1] A motion to intervene is a nondispositive motion that may be heard and determined by a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A). *U.S. v. Marsten Apartments, Inc.*, 175 F.R.D. 265, 267 n. 1 (E.D. Mich. 1997).

2

2008,[2] MDOC filed a response, objecting to the movant's proposed intervention. (Dkt. 133). On June 2, 2008, plaintiff Proctor filed a motion for a 60 day extension of time to respond to the motion to intervene, purportedly on behalf of all plaintiffs.[3] (Dkt. 136).

For the reasons set forth below, the Court **DENIES** the motion to intervene, and **DENIES** plaintiff Proctor's motion for extension of time to respond to same.

B.     Motion to Intervene and Defendants' Response

The movant does not address the standards for intervention or Rule 24. Rather, his submission to the Court consists of a brief description of his various

---

[2] May 26, 2008 was a federal holiday and thus, defendants' response appears to be timely filed.

[3] Plaintiff Proctor is *not* counsel for all plaintiffs and may *not* file pleadings or motions requesting relief on behalf of any other plaintiffs. It is well-established that plaintiff Proctor may only represent himself with respect to his individual claims, and may not act on behalf of other prisoners. *Garrison v. Michigan Dep't of Corrections*, 2008 WL 351652, *1 (W.D. Mich. 2008), citing, *Ziegler v. Michigan*, 59 Fed.Appx. 622, 624 (6th Cir. 2003); *see also, Mercer v. Fayette Circuit Court*, 52 F.3d 325; 1995 WL 222181 (6th Cir. 1995) (an individual prisoner does not have standing to sue on behalf of other prisoners); *Corn v. Sparkman*, 82 F.3d 417; 1996 WL 185753 (6th Cir. 1996) ("A prisoner cannot bring claims on behalf of other prisoners"). Plaintiffs may file appropriate documents either jointly or separately, but one plaintiff may not act in a representative capacity of any other plaintiff. *See, White v. Perry*, 2006 WL 335672, *1 (W.D. Mich. 2006) ("Each plaintiff must sign every pleading filed or the pleading cannot be considered a pleading of the unsigned plaintiff."). Thus, this Court will treat plaintiff Proctor's motion as having been filed only on his own behalf.

3

complaints regarding the conditions of his confinement. The movant complains of alleged mistreatment by prison officials at the "Upper Peninsula Facilities" (a/k/a LMF or ICF) located in Munising, Michigan. (Dkt. 27, pp. 1-2). He alleges that prison staff confiscated evidence of corruption, falsification of documents, and sexual harassment from him, purportedly under the guise of misconduct hearings. (Dkt. 27, p. 1). The movant also alleges that he was transferred to Alger Max in retaliation and once there, Hearing Officer Lynn Maki took away his legal property at a hearing. (Dkt. 27, p. 2). He also complains that he receives under-sized food portions and that his food was tampered with. (Dkt. 27, p. 3). Finally, the movant complains that RUO Petersen sexually harassed him and took his shower razor, which exacerbated his skin condition, cystic acne. (Dkt. 27, p. 3).

Defendants argue that Rule 24(a) does not apply to this case because no statute exists giving a prisoner a right to intervene and there is no property or transaction in which movant claims an interest. (Dkt. 133). Defendant suggests that any intervention must therefore comply with Rule 24(b), which permits intervention when a person "has a claim or defense that shares with the main action a common question of law or fact." Defendants argue that the movant does not have any claims in common with plaintiffs in this case. While he alleges generally that he does, movant fails to set forth any facts showing any similarity between his

claims and those of plaintiffs except for the prisons at which the claims arose. Defendants argue that Rule 24(c) requires a movant to lay out his claims in a pleading submitted with his motion to intervene, which has not been done here. For this reason alone, defendants suggest that the movant's motion should be denied. *Id*.

Defendants also suggest that the claims asserted by movant appear to be fundamentally different than those alleged by plaintiffs. The movant alleges sexual assault and medical problems, which require dramatically different proofs than the claims at issue in this case. Further, the alleged wrongdoers who movant identifies in his motion are two prison staff members who are not currently named defendants in this suit. Defendants argue that they would be prejudiced and would face delay if the Court allowed a new plaintiff to bring in more claims and additional defendants. *Id*.

 C. Discussion

Under the Federal Rules of Civil Procedure, a non-party may intervene in an action either as of right in certain circumstances, and in other circumstances with

the Court's permission. [Fed.R.Civ.P. 24](). Rule 24 provides, in part:

> (a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene ... .
>
> (b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common ... .

Defendants are correct that Rule 24(a) is inapplicable to the instant motion.

To establish a viable case for permissive intervention under Rule 24(b), a proposed intervenor must show that its motion to intervene is timely made and that he alleges at least one question of law or fact common to those already before the court. *[Moore v. Rees, 2007 WL 2809844, *7 (E.D. Ky. 2007)]()*. The Court must then consider whether permitting intervention "will cause any undue delay or prejudice to the existing parties, and balance any other relevant factors to determine whether intervention should be allowed." *Moore*, at *7, citing, *[United States v. Michigan, 424 F.3d 438, 445 (6th Cir. 2005)]()*

In the complaint, plaintiffs allege that defendants rejected and denied various grievances, improperly retaliated against them for filing grievances, confiscated their legal materials, interfered with legal mail, interfered with prisoners giving and

6

receiving legal advice, denied them access to the courts, denied them access to adequate medical care, and exposed them to tobacco smoke. (Dkt. 1). The movant alleges retaliatory transfer, food tampering, confiscation of grievance materials, sexual harassment, and interference with proper treatment of his skin condition. (Dkt. 27). While the movant alleges that these purported transgressions occurred at LMF, one of the facilities about which some plaintiffs complain, there appears to be little, if any, connection between the movant's claims and any of plaintiffs' claims given that they are against prison officials who are not defendants in this case. Further, the Court agrees with defendants that movant failed to set forth any factual similarity between his claims and plaintiffs' claims. Any similarity between the movant's claims and plaintiffs' claim is, at best, remote and vague. The Court also concludes that the addition of a sixth plaintiff and two more defendants would unduly delay and complicate these proceedings, which already involve over 70 defendants and five plaintiffs. Thus, the motion to intervene is denied.

Finally, the Court also denies plaintiff Proctor's motion to extend the time to respond to the motion to intervene. The Court allowed the parties four weeks to file a response to the motion to intervene, which is twice the amount of time the parties would be permitted under the Local Rules. *See*, Local Rule 7.1. Only

plaintiff Proctor filed a motion for extension of time and the remaining plaintiffs filed no response. *See*, note 3, *supra*. The Court concludes that plaintiff Proctor's request for an additional 60 days to respond to a motion to intervene would unduly delay these proceedings. Further, the Court notes that plaintiff Proctor is not prejudiced in any way because the claims of movant and whether they are brought in this suit have no effect on plaintiff Proctor's ability to prosecute his own claims.

Moreover, plaintiff Proctor's motion to extend suggests additional support for the Court's denial of the motion to intervene. In his motion, plaintiff Proctor states that he has no knowledge of the movant's claims or the underlying facts and this is why he requires additional time to respond. This admission merely provides further support for the Court's conclusion that the movant's claims are not sufficiently related to those at issue in this case, and thus, this intervention is not appropriate.

D.  Conclusion

For the foregoing reasons, the Court **DENIES** the motion to intervene, and **DENIES** plaintiff Proctor's motion for extension of time to respond to same.

**IT IS SO ORDERED.**

The parties to this action may object to and seek review of this Order, but are required to file any objections within 10 days of service hereof as provided for in

28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2).  A party may not thereafter assign as error any defect in this Order to which timely objection was not made. Fed.R.Civ.P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  Pursuant to Local Rule 72.1(d)(2), any objection must be served on this Magistrate Judge.

Date: June 16, 2008                                s/Michael Hluchaniuk
                                                   Michael Hluchaniuk
                                                   United States Magistrate Judge

**CERTIFICATE OF SERVICE**

       I hereby certify that on June 16, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send electronic notification to the following: Clifton B. Schneider, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: Daniel Chandler, 250214, G. Robert Cotton Correctional Facility, 3510 N. Elm Road, Jackson, MI 49201, Perry Alva Hurd, Jr., 2581 Park Way Drive, Manitou Beach, MI 49253, Gilbert Jividen, 262914, E.C. Brooks Correctional Facility, 2500 S. Sheridan, Muskegon Heights, MI 49444, Jason Peterson, 286036, Lakeland Correctional Facility, 141 First Street, Coldwater, MI 49036, and Fred Proctor, 178602, Bellamy Creek Correctional Facility, 1727 West Bluewater Highway, Ionia, MI 48846.

                                                  s/James P. Peltier
                                                  Courtroom Deputy Clerk
                                                  U.S. District Court
                                                  600 Church Street
                                                  Flint, MI 48502
                                                  (810) 341-7850
                                                  pete_peltier@mied.uscourts.gov