UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRED CORTLAND PROCTOR, et. al.,
Plaintiffs,

vs.

L. APPLEGATE, et al.,

Defendants.
_____/

Case No. 07-12414

Paul D. Borman
United States District Judge

Michael Hluchaniuk
United States Magistrate Judge

**OPINION AND ORDER (1) ADOPTING THE MAGISTRATE JUDGE'S AMENDED REPORT AND RECOMMENDATION (Dkt. 193) (2) DENYING PLAINTIFFS' OBJECTIONS TO THE MAGISTRATE JUDGE'S AMENDED REPORT AND RECOMMENDATON (Dkt. 198); (3) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO TO DISMISS (Dkt. 132, 147, 165); AND (4) ORDERING SEVERANCE OF CERTAIN CLAIMS AND PERMITTING CERTAIN PLAINTIFFS TO FILE AMENDED COMPLAINTS**

Before the Court are Plaintiffs' Objections to Magistrate Judge Michael Hluchaniuk's Amended Report and Recommendation granting in part and denying in part Defendants' motions to dismiss and severing claims based on misjoinder. (Dkt. 198.) Defendants filed responses on July 15, 2009. Defendants filed a response to Plaintiffs' objections. (Dkt. 199.) This Court now reviews the Amended Report and Recommendation, the Objections, the Response and pertinent parts of the record *de novo* pursuant to 28 U.S.C. § 636(b).

**I.    BACKGROUND**

This Court finds that the Magistrate Judge has accurately and succinctly set forth the complicated procedural history and facts of this action and therefore the Court shall adopt by reference those portions of the Amended Report and Recommendation. (Dkt. 193, 1-5.)

1

## II.     ANALYSIS

### A.     Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted.  When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).  But the court "need not accept as true legal conclusions or unwarranted factual inferences." *Id*. (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)).  "[L]egal conclusions masquerading as factual allegations will not suffice." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

To survive a motion to dismiss, the "[f]actual allegations contained in [the] complaint must 'raise a right to relief above the speculative level.'" *Bassett v. Nat'l Coll. Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007)). This "does not 'require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 127 S. Ct. at 1974). A plaintiff's factual allegations, while "assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *LULAC v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 127 S.Ct. at 1965).  Thus, "[t]o state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *Bredesen*, 500 F.3d at 527 (citing *Twombly*, 127 S.Ct. at 1969).

### B.  Plaintiffs' Objections to the Magistrate Judge's Amended Report and Recommendation

Plaintiffs do not object to those portions of the Magistrate's Amended Report and Recommendation denying Defendants' motions to dismiss claims based upon the statute of limitations and qualified immunity. This Court therefore adopts those portions of the Amended Report and Recommendation. (Dkt. 193, 7-11.) Refer to the attached "Box Score" for the specific paragraphs of Plaintiffs' Complaint affected.

#### 1. Injunctive and Declaratory Relief

Plaintiffs object to the Magistrate Judge's conclusion that their claims for injunctive and declaratory relief should be dismissed. The Court finds that this objection is without merit. Because the plaintiffs are not incarcerated where their claims arose, and because injunctive relief is an inappropriate form of relief for Plaintiffs' claims of past violations, Plaintiffs' objection is denied. *See Copenhaver v. James*, 2008 WL 162547, No. 06-11111 at * 3 (E.D. Mich. Jan. 17, 2008), citing, *Washington v. James*, 782 F.2d 1134, 1137 (2d Cir. 1986) (noting that prisoner cannot maintain § 1983 action for injunctive relief when he is no longer incarcerated where alleged violations occurred); *Kime v. Jones*, 2007 WL 586793, No. 4:06-CV-28 at * 3 (W.D. Mich. February 21, 2007) *citing Mowatt v. Brown*, 902 F.2d 34, 1990 WL 59896 (6th Cir. 1990). Refer to the attached "Box Score" for the specific paragraphs of Plaintiffs' Complaint affected.

#### 2. Immunity for Hearing Officers

Plaintiffs object to the Magistrate Judge's finding that the hearing officers were entitled to absolute immunity. The Court finds that this objection is without merit and agrees with the Magistrate Judge that the hearing officers were acting in their official roles and are protected by

absolute immunity. *See Shelly v. Johnson*, 849 F.2d 228 (6th Cir. 1988) (per curiam). Refer to the attached "Box Score" for the specific paragraphs of Plaintiffs' Complaint affected.

### 3. Personal Involvement

Plaintiffs object to the Magistrate Judge's finding of no personal involvement with respect to paragraphs 215, 321, 242 and 244 of the Complaint. This Court denies this objection and agrees with the Magistrate Judge that these paragraphs do not allege the requisite personal involvement. *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir.2006); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Refer to the attached "Box Score" for the specific paragraphs of Plaintiffs' Complaint affected.

### 4. Letters/Grievances

Plaintiffs object to the Magistrate Judge's finding that Plaintiffs' claims that their grievances were improperly investigated failed to state a claim. This Court denies the objection and agrees with the Magistrate Judge that a prison official's failure to respond to a prisoner's letter or grievance does not state a constitutional claim. A prisoner does not have a constitutionally-protected liberty interest in an inmate grievance procedure. *See e.g., Lee v. Mich. Parole Bd.,* 104 Fed. App'x. 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance.")*; Dunn v. Martin*, 178 Fed. App'x. 876, 878 (11th Cir. 2006) ; *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (stating that Constitution creates no entitlement to voluntarily established grievance procedure). This Court agrees with the Magistrate Judge that to the extent that Plaintiffs' claims merely allege a failure on the part of prison officials to adequately respond to letters or complaints about how a grievance procedure was conducted, they fail to state a claim. Refer to the attached "Box Score"

4

for the specific paragraphs of Plaintiffs' Complaint affected.

### 5. Prison Regulations

Plaintiffs object to the Magistrate Judge's finding that the prison regulations which permitted the confiscation of certain types of mail and prohibited "copyrighting" of names did not violate Plaintiffs' constitutional rights. This Court denies the objection and agrees with the Magistrate Judge that the challenged regulations serve a legitimate and neutral government purpose and survive Plaintiffs' constitutional challenge. "Moreover, because the problems of prisons in America are complex and intractable, and because courts are particularly ill equipped to deal with these problems ... we generally have deferred to the judgments of prison officials in upholding these regulations against constitutional challenge." *See Shaw v. Murphy*, 532 U.S. 223, 229 (2001) (internal citation and quotation marks omitted). Refer to the attached "Box Score" for the specific paragraphs of Plaintiffs' Complaint affected.

### 6. Access to the Courts

Plaintiffs object to the Magistrate Judge's conclusion that their claims regarding access to the courts fail to state a constitutional deprivation. This Court denies the objection and agrees with the Magistrate Judge that Plaintiffs have failed to allege or show that they were adversely affected as a result of the claimed denial. *See Johns v. Mich. Dep't Correc.*, 2008 WL 4712360, No. 1:07-CV-95 at * 5 (W.D. Mich. February 21, 2008), *citing*, *Vandiver v. Niemi*, 1994 WL 677685, No. 94-1642 at * 1 (6th Cir. Dec. 2, 1994) (an inmate must make a specific claim that he was adversely affected or that the litigation was prejudiced). Refer to the attached "Box Score" for the specific paragraphs of Plaintiffs' Complaint affected.

### 7. Retaliation

Plaintiffs object to the Magistrate Judge's conclusion that paragraphs 272 and 275 of the Complaint are conclusory and fail to allege facts sufficient to establish causation. This Court denies the objection and agrees with the Magistrate Judge that these paragraphs fail to state a claim because they are conclusory. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996); *Mulazim v. Corrigan*, 7 Fed. App'x. 427 (6th Cir.2001)("'[t]emporal nexus' is a factor in determining a causal connection in a First Amendment retaliation claim."). Refer to the attached "Box Score" for the specific paragraphs of Plaintiffs' Complaint affected.

### 8. Remaining Aspects of Motion to Dismiss

Plaintiffs' objection here is actually many objections combined into one and generally restates arguments made in Plaintiffs' response to the Defendants' motions to dismiss. This Court denies the objections as stated and agrees with the Magistrate Judge's conclusions, set forth at pages 39-50 of the Amended Report and Recommendation. Refer to the attached "Box Score" for the specific paragraphs of Plaintiffs' Complaint affected.

### 9. Improper Joinder of Claims and Parties

Plaintiffs object to the Magistrate Judge's recommendation that the claims and the parties in this case be severed. This Court denies this objection and agrees with the Magistrate Judge that Plaintiffs' claims against the numerous defendants, which involve several defendants and multiple prison facilities, necessarily require resolution of factual claims (including numerous individual exhaustion issues) that are not appropriately joined. This Court agrees with the Magistrate Judge's conclusion that allowing the claims and parties to proceed together would result in prejudice to the Defendants.

## III.    CONCLUSION

For these reasons, the Court:

(1)   **ADOPTS** the Magistrate Judge's Amended Report and Recommendation granting in part and denying in part Defendants' motions to dismiss and recommending severance of claims and parties;

(2)   **DENIES** Plaintiffs' Objections to the Magistrate Judge's Amended Recommendation and Report;

(3)   **GRANTS IN PART AND DENIES IN PART DEFENDANTS' MOTIONS TO DISMISS** as set forth specifically in the attached "Box Score" and summarized as follows:

> **GRANTS** Defendants' motions to dismiss Plaintiffs' claims that seek declaratory and/or injunctive relief;
>
> **GRANTS** Defendants' motions to dismiss Plaintiffs' claims against prison hearing officers acting in their capacity as hearing officers;
>
> **GRANTS** Defendants' motions to dismiss Plaintiffs' claims which fail to allege personal involvement on the part of the individual Defendants;
>
> **GRANTS** Defendants' motions to dismiss Plaintiffs' claims that their letters or grievances were improperly handled or investigated;
>
> **GRANTS** Defendants' motions to dismiss Plaintiffs' claims challenging prison regulations regarding confiscated mail and "copyright" practices;
>
> **GRANTS** Defendants' motions to dismiss Plaintiffs' claims alleging denial of access to the courts;
>
> **GRANTS** Defendants' motions to dismiss Plaintiffs' claims alleging retaliatory conduct which do not allege actionable adverse action, i.e. transfer to a higher security facility;
>
> **DENIES** Defendants' motions to dismiss to the extent that they assert that Plaintiffs' claims are barred by the statute of limitations;
>
> **DENIES** Defendants' motions to dismiss to the extent that they assert the Defense of qualified immunity;
>
> **DENIES** Defendants' motions to dismiss Plaintiffs' claims to the extent that they allege retaliatory transfer to a higher security facility for protected conduct;

(4) **SEVERS** the claims that are not dismissed, permitting the following Plaintiffs to file proposed amended complaints, each of which may only include defendants who work at the same correctional facility and some of which will be transferred to the Western District of Michigan after filing:

**Plaintiff Proctor** may submit four proposed amended complaints asserting only those claims that have not been dismissed against: (1) the ARF defendants (Eastern District); (2) the MBP defendants (Western District); (3) the IBC defendants (Western District); (4) the LRF defendants (Western District).

**Plaintiff Hurd** Plaintiff Hurd may submit three proposed amended complaints asserting only those claims that have not been otherwise dismissed against: (1) the ARF defendants (Eastern District); (2) the MBP defendants (Western District); and (3) the AMF defendants (Western District).

**Plaintiff Jividen** may submit one proposed amended complaint asserting only those claims that have not been otherwise dismissed against: the MBP defendants (Western District).

**Plaintiff Petersen** may submit two proposed amended complaints asserting only those claims that have not been otherwise dismissed against: (1) the ARF defendants (Eastern District); and (2) the AMF defendants (Western District).

**Plaintiff Chandler** may submit two proposed amended complaints asserting only those claims that have not been otherwise dismissed against: (1) the ARF defendants (Eastern District); and (2) the AMF defendants (Western District).

**SO ORDERED.**

        S/Paul D. Borman
        PAUL D. BORMAN
        UNITED STATES DISTRICT JUDGE

Dated: September 30, 2009

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on September 30, 2009.

                                            S/Denise Goodine
                                            Case Manager