UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRED CORTLAND PROCTOR, *et. al.*,   Case No. 07-12414

        Plaintiffs,   Paul D. Borman
vs.   United States District Judge

L. APPLEGATE,  *et al.*,   Michael Hluchaniuk
   United States Magistrate Judge

        Defendants.
_____/

**ORDER GRANTING MOTION
TO SET ASIDE DEFAULT (Dkt. 196)**

    The complaint in this matter was filed on June 5, 2007 by five plaintiffs, four of whom are currently in the custody of the Michigan Department of Corrections.  (Dkt. 1).  Plaintiffs seek damages from dozens of MDOC employees based on allegations that they were denied certain rights under the United States Constitution.  On July 24, 2007, District Judge Paul D. Borman entered an order referring this matter to Magistrate Judge R. Steven Whalen for all pretrial purposes.  (Dkt. 15).  On January 14, 2008, this matter was reassigned from Magistrate Judge Whalen to the undersigned.  (Dkt. 31).

    On March 10, 2009, the undersigned recommended that defendants' motions to dismiss be granted in part and denied in part and that the remaining claims and

parties be severed. (Dkt. 181). On March 30, 2009, Judge Borman remanded the report and recommendation back to the undersigned for further analysis. (Dkt. 185). The undersigned issued an amended report and recommendation on June 19, 2009. (Dkt. 193). On September 30, 2009, Judge Borman issued an opinion and order adopting the report and recommendation for partial dismissal and severance. (Dkt. 202). Part of the relief ordered by Judge Borman is the submission of amended, and more limited, complaints by plaintiffs.

Plaintiffs filed a request for clerk's entry of default as to defendants James Trethway and Pam M. Lajewski-Pearson. (Dkt. 194). The clerk's office entered a default on July 2, 2009. (Dkt. 195). On the same day, counsel for these defendants filed a motion to set aside entry of default. (Dkt. 196). Defendants argue, among other things, that the Prison Litigation Reform Act (PLRA) bars such an entry of default.

Section 1997e(g) of the PLRA provides:

> g) Waiver of reply
>
> (1) Any defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other Federal law. Notwithstanding any other law or rule of procedure, such waiver shall not constitute an admission of the allegations contained in

> the complaint. No relief shall be granted to the plaintiff unless a reply has been filed.
>
> (2) The court may require any defendant to reply to a complaint brought under this section if it finds that the plaintiff has a reasonable opportunity to prevail on the merits.

While the Court "may require any defendant to reply to a complaint brought under this section if it finds that the plaintiff has a reasonable opportunity to prevail on the merits," until such time as this happens, defendants in this matter are not obligated to answer the complaint. *Boling v. Corrections Medical Service*, 2007 WL 2515222, *1 (E.D. Mich. 2007), citing, *Stevenson v. MDOC*, 2007 WL 1202310, *1 (W.D. Mich. 2007) ( "Section 1997e(g) bars plaintiff from obtaining an entry of default ... because defendants have no obligation to reply to the complaint until ordered by the court.").

The merits of plaintiffs' various claims have been addressed in great detail the report and recommendation issued by the undersigned on June 19, 2009. (Dkt. 193). In the normal course, the Court would determine whether plaintiffs have stated a sufficient "reasonable opportunity to succeed on the merits" in accordance with § 1997e(g)(2) and if so, order defendants to respond to the complaint. Under the circumstances of this case, where Judge Borman has ordered plaintiffs to submit proposed amended complaints for consideration by the Court, the

3

undersigned believes that ordering defendants to answer the original complaint would be inefficient and inappropriate under these circumstances.  Therefore, based on § 1997e(g), the Clerk's entry of default is **SET ASIDE** and the Court **ORDERS** that these defendants need not answer or otherwise respond to the original complaint at this time.  The Court reserves the issue of whether these defendants are required to answer or otherwise respond to any proposed amended complaint that may be ultimately accepted by the Court.

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 10 days of service as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed.R.Civ.P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  Pursuant to Local Rule 72.1(d)(2), a copy of any objections is to be served on this Magistrate Judge.

Date: October 26, 2009
s/Michael Hluchaniuk
Michael Hluchaniuk
United States Magistrate Judge

4

**CERTIFICATE OF SERVICE**

      I certify that on <u>October 26, 2009</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: <u>Clifton B. Schneider</u>, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: <u>Daniel Chandler, # 250214, BELLAMY CREEK CORRECTIONAL FACILITY, 1727 Blue Water Highway, Ionia, MI 48846, Perry Alva Hurd, Jr., 2581 Park Way Drive, Manitou Beach, MI 49253, Gilbert Jividen, #262914, E.C. BROOKS CORRECTIONAL FACILITY, 2500 S. Sheridan, Muskegon Heights, MI 49444, Jason Petersen, #286036, LAKELAND CORRECTIONAL FACILITY, 141 First Street, Coldwater, MI 49036, Fred Proctor, #178602, LAKELAND CORRECTIONAL FACILITY, 141 First Street, Coldwater, MI 49036, and Darryl Goss, #187436, at the following addresses\*, LAKELAND CORRECTIONAL FACILITY, 141 First Street, Coldwater, MI 49036 and Darryl Goss, #187436, THUMB CORRECTIONAL FACILITY, 3225 John Conley Drive, Lapeer, MI, 48846</u>.

\*The court docket reflects that Darryl Goss' address is the Lakeland Correctional Facility. However, a check with the Michigan Department of Corrections prisoner tracking system indicates that the plaintiff is currently located at the Thumb Correctional Facility.

                                                s/James P. Peltier
                                                Courtroom Deputy Clerk
                                                U.S. District Court
                                                600 Church Street
                                                Flint, MI 48502
                                                (810) 341-7850
                                                pete_peltier@mied.uscourts.gov