UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRED CORTLAND PROCTOR, *et al.*,

    Plaintiffs,

Case No. 07-12414

Paul D. Borman
v.     United States District Judge

Michael Hluchaniuk
L. APPLEGATE, *et al.*,     United States Magistrate Judge

    Defendants.

_____/

OPINION AND ORDER (1) AFFIRMING THE MAGISTRATE JUDGE'S ORDER DENYING NON-PARTY GOSS'S MOTION TO INTERVENE AND MOTION FOR LEAVE TO FILE EXCESS PAGES AND TO EXTEND TIME TO RESPOND, AND (2) REJECTING NON-PARTY GOSS'S OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER

    Before the Court are non-party Darryl Steven Goss's ("Goss") Objections to Order Denying Motion to Intervene and Motion for Leave to File Excess Pages and to Extend Time for Response (Dkt. No. 218.) Defendants have not filed a response to the Goss objections and have not filed objections to the Magistrate Judge's Order. For the reasons stated herein, the Court AFFIRMS the Magistrate Judge's Order denying Goss's motion to intervene and denying as moot Goss's motion for leave to file excess pages and for extended time.

**BACKGROUND**

    The Complaint in this matter was filed on June 5, 2007 by five plaintiffs, four of whom are currently in the custody of the Michigan Department of Corrections. (Dkt. No. 1.) Plaintiffs

1

seek damages from dozens of MDOC employees based on allegations that they were deprived of certain rights under the United States Constitution.  Their claims include improper retaliation for filing grievances, confiscation of legal materials, interference with legal mail, interference with giving and receiving legal advice, denial of access to courts and denial of access to medical care.  (Dkt. No. 11.)  Plaintiffs allege that this mistreatment occurred at multiple correctional facilities across the state of Michigan.

Defendants filed two separate motions to dismiss (Dkt. Nos. 132, 147) and Plaintiffs filed responses to both (Dkt. Nos. 157, 158.)  On March 10, 2009, Magistrate Judge Michael Hluchaniuk issued a Report and Recommendation on the two motions to dismiss (Dkt. No. 181) which the undersigned remanded back to the Magistrate Judge for a Box Score report of his recommendations.  On June 19, 2009, the Magistrate Judge issued an Amended Report and Recommendation (Dkt. No. 193) which the undersigned adopted on September 30, 2009, ordering partial dismissal and severance of Plaintiffs' claims and permitting Plaintiffs to file conforming amended complaints.  (Dkt. No. 202.)

On May 8, 2009, non-party Goss filed a motion to intervene in this matter, seeking to interject new and different claims against some, but not all, of the defendants.  On October 23, 2009, Magistrate Judge Hluchaniuk issued his Order denying Goss's motion to intervene and denying as moot Goss's motions for leave to file and excess pages and for an extension of time to respond.  (Dkt. No. 211.)  On November 13, 2009 Goss filed the objections to the Magistrate Judge's Order which are currently before this Court.  The Court notes that Goss's objections were not timely filed as they were filed with the Court one day after the November 12, 2009 deadline.  Notwithstanding that the objections were untimely, for the reasons stated herein, this

2

Court affirms the Order of the Magistrate Judge denying the motion to intervene and denying as moot the motions for leave to file excess pages and for extensions of time.

**ANALYSIS**

Federal Rule of Civil Procedure 24(b) provides in pertinent part:[1]

(1) On timely motion, the court may permit anyone to intervene who:
\*     \*     \*
   (B) has a claim or defense that shares with the main action
    a common question of law or fact.

\*     \*     \*

(3) In exercising its discretion, the court must consider whether the
intervention will unduly delay or prejudice the adjudication of the
original parties' rights.

(c) A motion to intervene must be served on the parties as provided
in Rule 5.  The motion must state the grounds for the intervention and
be accompanied by a pleading that sets out the claim or defense for
which intervention is being sought.

Although Goss claims, by way of a generalized statement, that he has claims in common with the Plaintiffs, he does not provide the factual basis for the alleged similarity of his claims and does not attach a pleading setting forth the claim as to which intervention is sought, as required by Federal Rule of Civil Procedure 24(c). Goss provides an undated and unsigned brief along with an undated and unsigned affidavit, both of which should be stricken by the Court under Federal Rule of Civil Procedure 11.  Moreover, this case has been underway for over two years and is already so unwieldy that this Court recently recommended severance of claims, and

---

[1] As there is no statute giving the prisoner a right to intervene, and because there is no property or transaction in which Goss claims an interest, Federal Rule of Procedure 24(a) is not applicable and intervention is available, if at all, under the permissive rule set forth in Federal Rule of Civil Procedure 24(b).

3

required Plaintiffs to file amended complaints, in order to proceed in a meaningful way with the multitude and variety of Plaintiffs' claims against numerous Defendants at multiple correctional facilities across the state. (Dkt. No. 202.)

In considering a motion to intervene, it is incumbent on this Court to balance the rights of all parties and to consider whether intervention will cause undue delay or prejudice. *United States v. Michigan*, 424 F.3d 438, 445 (6th Cir. 2005). The Court concludes that, despite Goss's claims of similarity, given the inherent individualized nature of these prisoners' claims, introduction of Goss's claims at this stage will result in both prejudice and delay to the Defendants in this case who, along with the Court, have already spent countless hours parsing Plaintiffs' 200-plus page Complaint and severing these claims accordingly.

**CONCLUSION**

For the foregoing reasons, this Court **AFFIRMS** the Magistrate Judge's Order Denying Non-Party Goss's Motion to Intervene and Denying Motions for Leave to File Excess Pages and to Extend Time to Respond and **DENIES** Non-Party Goss's Objections to the Magistrate Judge's Order.

**IT IS SO ORDERED.**

                                            s/Paul D. Borman
                                            PAUL D. BORMAN
                                            UNITED STATES DISTRICT JUDGE

Dated: December 4, 2009

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on December 4, 2009.

                                                  s/Denise Goodine
                                                  Case Manager