UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| FRED CORTLAND PROCTOR, *et. al.*, | Case No. 07-12414 |
| Plaintiffs, | Paul D. Borman |
| vs. | United States District Judge |
| L. APPLEGATE, *et al.*, | Michael Hluchaniuk |
| | United States Magistrate Judge |
| Defendants. | |
| _____/ | |

**REPORT AND RECOMMENDATION**
**DISMISSAL OF PLAINTIFFS' CLAIM BASED ON FAILURE**
**TO FILE PROPOSED AMENDED COMPLAINTS**

**I.   PROCEDURAL HISTORY**

The complaint in this matter was filed on June 5, 2007 by five plaintiffs, four of whom are currently in the custody of the Michigan Department of Corrections. (Dkt. 1). Plaintiffs seek damages from dozens of MDOC employees based on allegations that they were denied certain rights under the United States Constitution. On July 24, 2007, District Judge Paul D. Borman entered an order referring this matter to Magistrate Judge R. Steven Whalen for all pretrial purposes. (Dkt. 15). On January 14, 2008, this matter was reassigned from Magistrate Judge Whalen to the undersigned. (Dkt. 31).

On March 10, 2009, the undersigned recommended that defendants' motions to dismiss be granted in part and denied in part and that the remaining claims and

parties be severed. (Dkt. 181). On March 30, 2009, Judge Borman remanded the report and recommendation back to the undersigned for further analysis. (Dkt. 185). The undersigned issued an amended report and recommendation on June 19, 2009. (Dkt. 193). Three defendants filed a motion to stay proceedings until the amended report and recommendation was resolved by Judge Borman, given the recommendations for partial dismissal and severance. (Dkt. 197).

On September 30, 2009, Judge Borman issued an opinion and order adopting the report and recommendation for partial dismissal and severance. (Dkt. 202). Part of the relief ordered by Judge Borman included the submission of proposed amended complaints by plaintiffs for review by the Court. On October 9, 2009, the undersigned granted defendants' motion to stay in part, and in the interests of judicial efficiency and economy, ordered that no motions could be filed in this case until the process of the submission and review of the proposed amended complaints is complete and until further order of the Court. (Dkt. 205).

Plaintiffs never filed proposed amended complaints as ordered by Judge Borman. On September 8, 2010, the undersigned issued an order for plaintiffs to show cause why their claims should not be dismissed based on their failure to comply with Judge Borman's order by filing proposed amended complaints. (Dkt. 241). In that order, the undersigned observed that plaintiffs had filed an appeal regarding Judge Borman's severance and dismissal order, which was dismissed by

the Sixth Circuit on July 6, 2010. (Dkt. 237, 238). At that point, nearly a year had passed since the issuance of Judge Borman's order and over two months had passed since the Sixth Circuit dismissed plaintiffs' appeal. (Dkt. 241). The order specifically provided that "[f]ailure to adequately and timely respond to this order to show cause will result in sanctions, including the recommendation that plaintiffs' complaint be dismissed with prejudice." (Dkt. 241).

## II.     ANALYSIS AND CONCLUSION

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629-630. "[D]istrict courts possess broad discretion to sanction parties for failing to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999), citing, *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991).

Federal Rule of Civil Procedure 41 governs dismissals. As to involuntary dismissals, it provides:

> If the plaintiff fails to prosecute or to comply with these

> rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule-except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19-operates as an adjudication on the merits.

Fed.R.Civ.P. 41(b). "Neither the permissive language of [Rule 41(b)]-which merely authorizes a motion by the defendant-nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link*, 370 U.S. at 630. The Sixth Circuit considers "four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005), citing, *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999). The pre-dismissal warning for failure to comply with the district court's orders is pivotal to the determination of willfulness. *See Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988).

This Court also has the inherent authority to sanction litigants, which "derives from its equitable power to control the litigants before it and to guarantee the integrity of the court and its proceedings." *Dell*, *Inc. v. Elles*, 2008 WL 4613978, *2 (6th Cir. 2008), citing, *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-50 (1991). Indeed, the court has the inherent power to sanction a party when that party exhibits bad faith, including the party's refusal to comply with the court's orders. *Chambers*, 510 U.S. at 43-50. One specific judicial act within a court's inherent authority is to "fashion an appropriate sanction for conduct which abuses the judicial process," including dismissal of a lawsuit. *Dell*, at *2, quoting, *Chambers*, 510 U.S. at 44-45; *see also Gonzalez v. Ohio Cas. Ins. Co.*, 2008 WL 4277258, *1 (E.D. Mich. 2008) ("this court enjoys inherent authority to control its docket in promoting economies of time and effort for the court, the parties, and the parties' counsel").

In their response to the show cause order, plaintiffs assert that the October 9, 2009 Order stayed all proceedings. (Dkt. 246, p. 3). Plaintiffs argue that the Court never set a deadline for the submission of the proposed amended complaints and they believed that the stay was in effect. (Dkt. 246, p. 5). Plaintiffs are apparently suggesting that this order somehow prevented them from filing their amended complaints as ordered by Judge Borman. However, the October 9, 2009 Order only stayed the filing of additional motions and the stated reason for issuing the

partial stay was so that the process of the submission and review of the proposed amended complaints could be completed. (Dkt. 205). Any suggestion that plaintiffs were precluded from filing their proposed amended complaints based on the October 9, 2009 Order is, therefore, meritless.

In addition, plaintiffs suggest that their pending appeal would affect how they structure their proposed amended complaints and they should not have to file them until that is resolved. (Dkt. 246, p. 5). However, as plaintiffs explain in their detailed history of their appeal, at the time the show cause order was issued, the Sixth Circuit had already dismissed the appeal relating to Judge Borman's order of dismissal and severance two months earlier and thus, nothing relating to this issue was pending in the Sixth Circuit.[1] Rather, the only issue pending on appeal at that time (which has since been affirmed by the Sixth Circuit) was the aspect of Judge Borman's order dismissing plaintiffs' claims for injunctive relief. Nothing about that appeal prevented plaintiffs from proceeding as ordered by Judge Borman

---

[1] At that time, only the appeal relating to Judge Borman's dismissal of plaintiffs' complaint for injunctive relief remained pending. While the district court is generally divested of jurisdiction while an appeal is pending, it is well-established that "an appeal from an order granting or denying a preliminary injunction does not divest the district court of jurisdiction to proceed with the action on the merits." *Moltan Co. v. Eagle-Pitcher Industries, Inc.*, 55 F.3d 1171, 1174 (6th Cir. 1995), quoting, 9 M. Moore, B. Ward & J. Lucas, Moore's Federal Practice ¶ 203.11, at 3-54 (2d ed. 1989). Thus, once the Sixth Circuit dismissed plaintiff's appeal as to all matters unrelated to injunctive relief, this Court had jurisdiction to move forward with the action on the merits.

regarding the proposed amended complaints. *See* note 1. To the extent that plaintiffs' failure to file their complaints could be excused by the pending appeals, plaintiffs simply offer no explanation for failing to file their complaints after the undersigned issued the show cause order on September 8, 2010, seven months ago.

Plaintiffs also appear to argue that they filed their motions for class certification, believing that procedural avenue to be better than filing the proposed amended complaints as ordered. Plaintiffs' motions not only violate the stay regarding motions that has been in place since October 9, 2009, but it violates the express provisions of Judge Borman's September 30, 2009 Order regarding the procedure and guidelines for the submission of the proposed amended complaints. Judge Borman's September 30, 2009 Order provided clear direction to plaintiffs, and regardless of the lack of a specific deadline for the submission of the proposed amended complaints, plaintiffs have sat on their rights by failing to submit the proposed amended complaints as ordered, since their appeal was dismissed. More importantly, plaintiffs have had *seven months* since the undersigned issued the show cause order to submit their proposed amended complaints and have failed to do so. That order plainly warned plaintiffs that dismissal was a potential sanction and under these circumstances, the undersigned concludes that their claims should be dismissed based on their failure to comply with Judge Borman's September 30, 2009 Order and their failure to satisfy the show cause order. In the view of the

undersigned, given that this matter has been pending for nearly four years, the prejudice to defendants caused by plaintiff's delay is readily apparent. Given the extensive opportunities given to plaintiffs to remedy their failure to submit their proposed amended complaints, the undersigned concludes that less drastic sanctions are not appropriate.

It is true that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a pro se litigant." White v. Bouchard, 2008 WL 2216281, *8 (E.D. Mich. 2008), quoting, *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). However, "dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Here, plaintiffs have failed to comply with orders of the court over an extended period of time. Under the circumstances, in the view of the undersigned, dismissal is appropriate.

### III.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiffs' complaint be **DISMISSED** with prejudice.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right

of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: April 8, 2011                               s/Michael Hluchaniuk
                                                  Michael Hluchaniuk
                                                  United States Magistrate Judge

## CERTIFICATE OF SERVICE

      I certify that on <u>April 8, 2011</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: <u>Clifton B. Schneider</u>, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: <u>Daniel Chandler, # 250214, KINROSS CORRECTIONAL FACILITY, 16670 S. Watertower Drive, Kincheloe, MI 49788, Perry Alva Hurd, Jr., 2581 Park Way Drive, Manitou Beach, MI 49253, Gilbert Jividen, #262914, E.C. BROOKS CORRECTIONAL FACILITY, 2500 S. Sheridan, Muskegon Heights, MI 49444, Jason Petersen, #286036, SAGINAW CORRECTIONAL FACILITY, 9625 Pierce Road, Freeland, MI 48623, and Fred Proctor, #178602, CARSON CITY CORRECTIONAL FACILITY, P.O. Box 5000, Carson City, MI 48811-5000</u>.

                                                               s/Tammy Hallwood
                                                               Case Manager
                                                               (810) 341-7887
                                                               tammy_hallwood@mied.uscourts.gov