UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRED CORTLAND PROCTOR, *et al.*,

        Plaintiffs,

Case No. 07-12414

PAUL D. BORMAN
v.                                             UNITED STATES DISTRICT JUDGE

MICHAEL HLUCHANIUK
L. APPLEGATE, *et al.*,            UNITED STATES MAGISTRATE JUDGE
        Defendants.
_____/

OPINION AND ORDER
(1) ADOPTING THE MAGISTRATE JUDGE'S APRIL 8, 2011 REPORT AND
RECOMMENDATION OF DISMISSAL OF PLAINTIFFS' COMPLAINT BASED ON
FAILURE TO FILE PROPOSED AMENDED COMPLAINTS (DKT. NO. 254) AND
(2) AFFIRMING THE MAGISTRATE JUDGE'S APRIL 8, 2011 ORDER DENYING LEAVE
TO FILE, GRANTING MOTION TO STRIKE AND STRIKING MOTIONS (DKT. NO. 255)

This matter is before the Court on Plaintiffs' timely-filed objections to the Magistrate Judge's April 8, 2011 Order (Dkt. No. 258) and on the Magistrate Judge's April 8, 2011 Report and Recommendation (Dkt. No. 264), to which Plaintiff filed untimely objections (Dkt. No. 264). Defendants have filed responses to both objections (Dkt. Nos. 259 and 265). Having reviewed the Report and Recommendation, and there being no timely objections from either party under 28 U.S.C. § 636(b)(1) and E.D. Mich L.R. 72.1(d), the Court ADOPTS the Magistrate Judge's Report and Recommendation (Dkt. No. 254). Further, the Court AFFIRMS the Magistrate Judge's April 8, 2011 Order (Dkt. No. 255).

1

I.  **BACKGROUND**

This case, which was filed on June 5, 2007, involves claims by five Plaintiffs, all of whom were incarcerated at different correctional facilities at the time of the acts complained of in the Complaint. The claims are made against approximately 70 different Defendants employed by the Michigan Department of Corrections ("MDOC"). Plaintiffs were housed at four separate penal institutions at the time of the acts complained of, located in both the Eastern and Western Districts of Michigan. The 70 different Defendants work(ed) in various positions at the four different correctional facilities. Each Plaintiff asserts different claims against different Defendants for various acts alleged to have occurred at different facilities. The individual facts at the heart of Plaintiffs' claims vary greatly and include claims of improper retaliation for filing grievances, interference with legal mail, interference with giving and receiving legal advice, denial of access to the courts and denial of access to adequate medical care.

Motions to dismiss were filed in May and June, 2008 and in January, 2009. Ultimately, on September 30, 2009, this Court adopted Magistrate Judge Hluchaniuk's Amended Report and Recommendation on the motions to dismiss and ordered dismissal of certain claims and severance of the remaining claims, with very specific instructions to Plaintiffs to file new and separate complaints as outlined in the Opinion and Order adopting the Amended Report and Recommendation. (Dkt. No. 202, Opinion and Order Adopting Amended Report and Recommendation (Dkt. No. 193).) On October 9, 2009, Magistrate Judge Hluchaniuk issued a partial stay of proceedings to facilitate Plaintiffs' filing of their amended complaints. The stay Order provided, in pertinent part:

2

> On September 30, 2009, Judge Borman issued an opinion and order adopting the report and recommendation for partial dismissal and severance. (Dkt. 202). Part of the relief ordered by Judge Borman includes the submission of proposed amended complaints by plaintiffs for review by the Court. The Court GRANTS defendants' motion to stay in part, and in the interests of judicial efficiency and economy, the undersigned ORDERS that NO MOTIONS MAY BE FILED in this case until the process of the submission and review of the proposed amended complaints is complete and until further order of this Court.

(Dkt. No. 205 at 2.)

On October 19, 2009 Plaintiffs filed a notice of appeal and on December 29, 2009, this Court denied Plaintiffs' motion for certification under 28 U.S.C. § 1292(b) and denied Plaintiffs' motion for a stay of proceedings. (Dkt. No. 225.) On July 6, 2010, responding to Plaintiffs' notice of appeal, the Sixth Circuit ruled that only that portion of this Court's order denying injunctive relief was appealable on an interlocutory basis. (Dkt. No. 227.) The Sixth Circuit did not disturb this Court's denial of Plaintiffs' motion to stay proceedings issued on December 29, 2009. Ultimately, in an opinion issued on March 9, 2011, the Sixth Circuit upheld this Court's determination that Plaintiffs' claims for injunctive relief were moot and denied a motion to stay the district court proceedings. (Dkt. No. 253.) On June 29, 2011, the Sixth Circuit issued the mandate on its March 9, 2011 disposition of Plaintiffs' claims. (Dkt. No. 271.)

On September 8, 2010, following the Sixth Circuit's dismissal of Plaintiffs' appeal as to all matters unrelated to this Court's denial of injunctive relief, Magistrate Judge Hluchaniuk issued an Order for Plaintiffs to Show Cause why their claims should not be dismissed for failure to file proposed amended complaints as ordered by this Court on September 30, 2009. (Dkt. No. 241.) Magistrate Judge Hluchaniuk's Order to Show Cause required Plaintiffs to respond by October 8, 2010 or face dismissal of their complaint with prejudice. Plaintiffs filed a timely but non-

conforming response on October 7, 2010, not filing their amended complaints as directed but asserting that they had not filed amended complaints because they were under the impression that the case had been stayed by the Magistrate Judge's October 9, 2009 Order granting a partial stay and precluding the filing of any motions until Plaintiffs filed their amended complaints. (Dkt. No. 246.) In that Order granting a partial stay, the Magistrate Judge could not have been more clear that the stay was issuing as to every matter EXCEPT the filing of, and specifically to facilitate the filing of, the amended and separate complaints.

In a motion filed just days before Plaintiffs filed their response to the Show Cause Order, Plaintiffs asked the Court to certify the case as a class action and to stay proceedings pending the outcome of the Court's ruling on their motion for class certification. (Dkt. No. 243, 245.) Defendants filed a motion to strike Plaintiffs' motion for class certification, arguing that the motion violated this Court's prior Order prohibiting the filing of motions until amended complaints had been filed. (Dkt. No. 244.) Plaintiffs then filed a motion for leave to file their previously-filed motion for class certification. (Dkt. No. 247.) On November 10, 2011, Plaintiffs filed a motion for an evidentiary hearing to expand the record to support their request for class certification. (Dkt. No. 250.)

On April 8, 2011, Magistrate Judge Hluchaniuk issued a Report and Recommendation recommending that Plaintiffs' complaint be dismissed in its entirety for failure to comply with this Court's September 30, 2009 Order requiring Plaintiffs to file amended complaints and for failure to satisfy the Magistrate Judge's September 10, 2011 Show Cause Order. (Dkt. No. 254.) The Magistrate Judge correctly observed that the October 9, 2009 Order granting a partial stay and precluding the filing of motions pending the filing of amended complaints, clearly instructed that a

stay was in effect on motions and that Plaintiffs were to proceed with the filing of their amended complaints. The Magistrate Judge also noted that, at the time that the Show Cause order was issued, the Sixth Circuit had already dismissed the appeal as it related to that portion of this Court's order requiring partial dismissal of claims and severance and filing of amended complaints. Only this Court's denial of injunctive relief remained subject to review by the Sixth Circuit at that time and this in no way affected Plaintiffs' ability to proceed with the filing of their amended complaints.

The Magistrate Judge also issued an Order, simultaneous with the filing of his Report and Recommendation of dismissal, denying Plaintiffs' motion for leave to file a motion for class action certification, granting Defendants' motion to strike and striking Plaintiffs' motion for class certification, motion to stay and motion for an evidentiary hearing. (Dkt. No. 255.) In denying leave to file and striking these motions, the Magistrate Judge relied on his Report and Recommendation of dismissal and on this Court's prior stay of proceedings.

## II. STANDARD OF REVIEW

A district court must conduct a *de novo* review of the parts of a magistrate judge's report and recommendation to which a party files timely objections. 28 U.S.C. § 636(b)(1). "Within fourteen days after being served with a copy, any party may file written objections" to a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). A district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. An "objection" that does nothing more than disagree with a magistrate judge's conclusion, or simply summarizes what has been argued before, is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d

505, 508 (6th Cir.1991). A district court need not consider objections to a report and recommendation where such review has not been timely requested. *See McNeil v. Comm'r of Soc. Sec.*, N. 06-cv-111, 2007 WL 6867103, at *1 (W.D. Mich. Aug. 15, 2007) (noting that district courts need not consider late objections); *Tangwall v. Robb*, No. 01-10008, 2003 WL 23142190, at *1 (E.D. Mich. Dec. 23, 2003) (noting that plaintiff's failure to file timely objections to the magistrate judge's report and recommendation releases the court of its obligation to independently review the report) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985) and *Willis v. Sullivan*, 931 F.2d 390, 400-01 (6th Cir.1991)).

28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a) both provide that a district judge must modify or set aside any portion of a magistrate judge's non-dispositive pretrial order found to be "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a). The United States Supreme Court and the Sixth Circuit Court of Appeals have stated that "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948) (explaining the clearly erroneous standard under Rule 52(a)); *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir. 1992) (quoting *U.S. Gypsum Co.*). *See also United States v. Mandycz*, 200 F.R.D. 353, 356 (E.D. Mich. 2001) (explaining the standard under Rule 72(a)).

III.  ANALYSIS

A.  **Plaintiffs' Untimely Objections to the Report and Recommendation**

Plaintiffs' objections to the Report and Recommendation were not timely filed. The Report and Recommendation, dated April 8, 2011, informed Plaintiffs that objections were to be filed within

14 days of the date of service and that failure to file specific timely objections would result in a waiver of the right to any further appeal. The Magistrate Judge's Order similarly informed Plaintiffs of their obligation to object to that Order within 14 days. Although Plaintiffs filed timely objections to the Magistrate Judge's Order on April 26, 2011 (Dkt. No. 258), objections to the Report and Recommendation were not filed with the Court until nearly one month later, on May 20, 2011 (Dkt. No. 264).

On April 28, 2011, Defendants responded to Plaintiffs' timely filed objections to the Magistrate Judge's Order and noted that Plaintiffs had not filed objections to the Magistrate Judge's Report and Recommendation. (Dkt. No. 259.) Thus, although Plaintiffs' were on notice at least since April 28, 2011 (the date on which Defendants noted Plaintiffs' failure to file timely objections to the Report and Recommendation) that objections to the Report and Recommendation had not been filed with the Court, they did not file objections to the Report and Recommendation until almost a month later, on May 20, 2011. (Dkt. No. 264.) Defendants responded to Plaintiffs' untimely objections to the Report and Recommendation, noting that the objections were not timely filed and urging the Court not to consider the objections. (Dkt. No. 265.) Defendants further objected that Plaintiffs' filings in this matter have failed to comply with the rule that all filings must be signed by all Plaintiffs. (Dkt. No. 265, Defs.' Resp. 2-3.) Plaintiffs responded that a mistake had been made and that in fact they had submitted their objections to the Report and Recommendation and their objections to the Order simultaneously, in the same package, and that the failure to timely file their objections to the Report and Recommendation was through no fault of their own. (Dkt. No. 270.)

Even accepting that a mistake had been made, Plaintiffs offer no explanation for their failure to "re-file" their objections as soon as they learned of the "mistake." Instead, Plaintiffs took almost a month to "re-file" their allegedly previously prepared and filed objections. Plaintiffs have failed to provide an explanation for the gross tardiness of their objections. The Court is relieved of its obligation to independently review the Magistrate Judge's Report and Recommendation where no timely objections have been filed. *Tangwall*, 2003 WL 23142190, at *1. There being no timely objections filed to the Magistrate Judge's Report and Recommendation under 28 U.S.C. § 636(b)(1) and E.D. Mich L. R. 72.1(d), the Court ADOPTS the Report and Recommendation dismissing Plaintiffs' claims with prejudice.

Even if the Court were to consider the objections and conduct a *de novo* review, it would agree with the Magistrate Judge's conclusion that dismissal is appropriate. Plaintiffs, after four years of litigating full bore, cannot legitimately hide behind a claim of ignorance of the legal process.

In response to the Magistrate Judge's Order to Show Cause why their amended complaints had not yet been filed, Plaintiffs not only failed to timely file those complaints, but responded with a motion for class certification that violated prior Court Orders that clearly prohibited filing *anything* with the Court until Plaintiffs had filed their amended complaints. Nor is this Court persuaded by Plaintiffs' disingenuous argument that the Show Cause Order issued by the Magistrate Judge did not warn that dismissal was a possible sanction for failure to file amended complaints by October 8, 2010. Plaintiffs claim that the Show Cause Order warned only that dismissal was a possible sanction for failure to timely respond to the Show Cause Order *in some fashion*. Such an argument cannot be made in good faith. The clear intent of the Magistrate Judge's Order to Show Cause was that Plaintiffs should file their amended complaints by the date specified in the Show Cause Order. The

Show Cause Order instructed Plaintiffs that failure to "adequately and timely respond" as to their failure to file proposed amended complaints would result in a recommendation that Plaintiffs' complaint be dismissed with prejudice. (Dkt. No. 241, Order to Show Cause.) Plaintiffs' response to the Show Cause Order, with a motion for class certification, setting forth Plaintiffs' belief that the Court's September 30, 2009 Order requiring the filing of separate amended complaints would be fatal to their action, may have been timely but it was not adequate. Thus, even were the Court to consider the untimely filed objections, it would conclude that the Magistrate Judge had appropriately dismissed Plaintiffs' Complaint for failure to adequately comply with the Show Cause Order.

### B. The Magistrate Judge's Order Striking Motion for Class Certification Was Not Clearly Erroneous or Contrary to Law

The Court agrees with the Magistrate Judge that Plaintiffs' motion for class certification violates the October 9, 2009 Order prohibiting the filing of any motions until Plaintiffs filed their amended complaints. The motion flies in the face of the Court's prior orders requiring severance and prohibiting the filing of motions until amended complaints had been filed. In its September 30, 2009 Order, the Court dismissed several of Plaintiffs' claims and determined that, as to those that remained, the number of Defendants and the distinct factual nature of Plaintiffs' multiple, unrelated claims, involving as they do four correctional facilities and over 70 Defendants, as well as fact-specific individual issues of statute of limitations and exhaustion of administrative remedies, required severance and filing of separate amended complaints. Nearly two years on, Plaintiffs still have not complied with the clear directive that this Court issued.

Given the partial stay which was in effect at the time that Plaintiffs filed the motions that are the subject of the Magistrate Judge's April 8, 2011 Order, it was not clearly erroneous for the Magistrate Judge to strike the filing of Plaintiffs' motion for class certification. The Court therefore AFFIRMS the Magistrate Judge's April 8, 2011 Order denying Plaintiffs' motion for leave, granting Defendants' motion to strike Plaintiffs' motion for class certification and striking all of Plaintiffs' remaining motions.

### IV. CONCLUSION

For the foregoing reasons, the Court ADOPTS the Magistrate Judge's April 8, 2011 Report and Recommendation (Dkt. No. 254), AFFIRMS the Magistrate Judge's April 8, 2011 Order (Dkt. No. 255) and DISMISSES Plaintiffs' Complaint with prejudice.

IT IS SO ORDERED.

PAUL D. BORMAN
UNITED STATES DISTRICT COURT

Dated: 7-11-11